IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, et al., | : |
| | : Civil No. 94-78 |
| Plaintiffs, | : |
| | : **OPINION ON PLAINTIFFS'** |
| v. | : **THIRTEENTH SUPPLEMENTAL** |
| | : **MOTION FOR REASONABLE** |
| JOHN DEJONGH, et al., | : **ATTORNEYS' FEES AND** |
| | : **EXPENSES** |
| Defendants. | : |

**APPEARANCES:**

Eric Balaban, Esq.
ACLU National Prison Project
1875 Connecticut Avenue NW, Suite 410
Washington, DC 20009
    Attorney for Plaintiffs

Benjamin C. Currence, Esq.
Norre Gade, 2nd Floor #12
P.O. Box 6143
St. Thomas, USVI 00804-6143
    Attorney for Plaintiffs

Vincent Frazer, Esq.
Attorney General of the V.I.
Department of Justice
48-B 50C Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802
    Attorney for Defendants

Richard Schrader, Esq.
Assistant Attorney General
Department of Justice
6040 Castle Coakley
Christiansted
St. Croix, USVI 00820
    Attorney for Defendants

I.  **FACTUAL BACKGROUND**

The underlying litigation began on June 20, 1994, when Plaintiffs, pretrial detainees and inmates, filed a class action suit pursuant to 42 U.S.C. § 1983 alleging conditions in the Criminal Justice Complex ("CJC") in St. Thomas were unconstitutional. Plaintiffs named various Virgin Islands officials as defendants including the Governor, Attorney General, Director of the Bureau of Corrections ("BOC"), and the CJC's Warden and Assistant Warden. The parties signed a Settlement Agreement (the "Agreement") on October 12, 1994, which this Court entered as an Order on December 7, 1994. In sum, the Agreement requires Defendants to make specific improvements relating to the operations and conditions of the CJC in order to bring the facility up to minimal constitutional standards.[1]

Presently before this Court is Plaintiffs'[2] Thirteenth Supplemental Motion for Reasonable Attorney's Fees and Expenses dated November 6, 2007.[3] Plaintiffs' counsel from the ACLU National Prison Project are seeking $78,871.74[4] for reasonable fees and expenses incurred during the twelve months period from December 6, 2005 to December 6, 2006 for post judgment efforts to monitor and enforce the settlement agreement approved by this Court on December 7, 1994

---

[1] *See Carty et. al. v. Farrelly et. al.*, 957 F. Supp. 727 (D.V.I. 1997) and *Carty v. Turnbull et. al.*, 144 F. Supp.2d 395 (D.V.I. 2001).

[2] Plaintiffs' counsel Benjamin Currence, Esq. will seek fees and expense recovery by separate motion.

[3] Prison Litigation Reform Act, 42 U.S.C. § 1997e. This statute specifically authorizes post-judgment attorney's fees directly and reasonably incurred in enforcing court ordered relief. *See* 42 U.S.C. § 1997e(d)(1)(A).

[4] On April 18, 2006 Plaintiffs withdrew 12.08 hours of work performed by Mr. Balaban, reducing their claims by $1,703.28 to $78,871.74.

2

and the Court's remedial orders.

The time and expenses schedules were submitted with the application (Docket entry #511) and are summarized as follows:

| Name | Billed Hours | Excluded Hours | Rate Per Hour[5] | Total Request |
|---|---|---|---|---|
| Nat'l Prison Project (NPP) | | | | |
| E. Alexander, Esq. | 1.63 | | $141.00 | $    229.83 |
| E. Balaban, Esq. | 422.76 | 44.58 | 141.00 | 59,609.16 |
| Law students/paralegals | 17.10 | 111.93 | 90.00 | 1,539.00 |
| Expenses | | | | 17,493.75 |
| TOTAL NPP FEES AND EXPENSES SOUGHT: | | | | $78,493.75[6] |

In his declaration submitted to the Court (Docket # 511 ), Eric Balaban asserts that all of hours for which Plaintiffs claims were reasonably incurred in monitoring Defendants' compliance with and enforcing the terms of the settlement agreement and the Court's remedial orders.

## II.   APPLICABLE LAW

1.   The Plaintiff in a § 1983 action is entitled to fees under 42 U.S.C. § 1988, and not 5

---

[5]The United States District Court for the District of Columbia has increased the rate it pays court-appointed counsel under the Criminal Justice Act (CJA) from $92.00 to $94.00. *See* Ex. A, Balaban Decl. Under the Prison Litigation Reform Act's fees provisions, 18 U.S.C. § 3626, Plaintiffs seek compensation at 150% of the current CJA rate awarded by the District of Columbia district court. *See Carty*, No. 94-78, slip op. at 4-7 (D.V.I. Nov. 19, 2002). Elizabeth Alexander, Esq. and Eric Balaban, Esq. capped their hourly rates at $141.00 pursuant to this Court's November 19, 2000 order.

[6]Defendants in their opposition do not provide a total for the fees and expenses which they oppose. Plaintiffs have reached this total as follows based on the specific objections Defendants raise: $7,188.00 in travel costs, $3,948.00 in specific time entries Defendants identify as excessive and unnecessary, $776.91 in fees for conferences between co-counsel, $1,310.82 in fees Defendants claim were billed at incorrect hourly rates, and $15,166.70 in expenses Defendants claim are non-compensable under the Virgin Islands Code. These amounts total $28,390.43.

3

V.I.C. § 541, the Virgin Islands statute that authorizes fee awards in cases brought under Territorial Law (*See Thorsten v. Barnard*, 883 F.2d 217, 218 (3d Cir. 1989).

2. A defendant opposing a fee award waives the right to make objections it fails to raise in its fees response. *See Black Grievance Comm. v. Philadelphia Elec. Co.*, 802 F.2d 648, 652-53 (3d Cir. 1986).

3. Law of the Case doctrine holds that when an issue of law or fact has been determined by a valid and final judgment, the issue of law or fact cannot again be litigated in the same case. *Hamilton v. Leavy*, 322 F.3d 776, 786-98 (3d Cir. 2003).

4. A fee petition must be specific enough to allow the District Court to determine if the hours claimed are unreasonable for the work performed. However, it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted, nor the specific attainments of each attorney. *Rode v. Dellacripete*, 892 F.2d 1177, 1190 (3d Cir. 1990).

## III. DISCUSSION

This Court has previously issued opinions respecting plaintiffs' motions for reasonable counsel fees and costs, two of which cover in detail issues which defendants again raise in the instant motion. Since these opinions are determinative as to many of the defendants objections, the Court lists such opinions as it will be making reference to them:

>*Carty v. Turnbull*, No. 94-78, slip. Op. (D.V.I. Nov. 30, 2000)
>Docket Entry # 313

>*Carty v. Turnbull*, No. 94-78, slip. Op. (D.V.I. Nov. 19, 2002)
>Docket Entry # 380

Defendants objections fall in various categories and will be addressed separately.

1. <u>Generic Itemizations</u> - Seeks deletion of all entries in the fee motion that blend different types of work, such as general itemization, clumping together references to reading articles, conferring with co-counsel, writing letters to opposing counsel, and asserting these types of itemizations, referring specifically to the entry on 2/1/06, have "several different strains of legal work grouped together."

    a. The citation by defendants to *Morcher v. Nash*, 32 F.Supp.2d 239, 242-43 (D.V.I. 1998) reflects a V.I. statute that authorizes fee awards in cases brought under Territorial Law. This is a § 1993 action with fees under 42 U.S.C. § 1988 and *Morcher* is not applicable.

    b. The Court has thoroughly reviewed plaintiffs' itemization of services performed by counsel and finds them sufficiently specific to allow this Court to determine if the hours claimed are unreasonable for the work performed. *See supra* II, Applicable Law, #4.

2. <u>Insufficient Detail</u> - Failure to properly differentiate tasks; lack of detail in regard to fees sought also problematic; failure to provide any itemization as to what was provided and when by the expert Dr. Metzner; failure to indicate that the information packets and responding to prisoner's mail are germane to this action; deletion of charge for blanket travel time between St. Thomas, St. Croix and D.C. in the absence of delineating the work accomplished during that time.

    a. Defendant again raises issues previously rejected by the Court as to travel time. *See Carty v. Turnbull*, No. 94-78, slip. op. at 5 (D.V.I. November 30, 2000); *see also id.* n.2.; *see also* Plaintiffs' Reply in support of this motion, *Carty v. Turnbull*, No. 94-78, Docket Entry # 541, pages 4-7 as to expert fees of Dr. Metzner, pages 18-19, and Exhibit A of Balaban Declaration in Support of Plaintiffs Fees Reply, paragraph 8. This objection is likewise rejected.

5

3. Duplicative work and excessive amount of time spent on completing tasks - Defendants complain of the time spent by Plaintiffs' counsel in preparing pleadings, research and preparation for hearings including review of documents and notes of site visits, summaries of tour notes, review of interview notes, and for nearly 28 hours to review records and draft a report as well as hours spent researching the Contempt and Receiver motions.

The Court rejects this objection and refers Defendants to Plaintiffs' Reply in Support of this Thirteenth Supplemental Motion for Reasonable Attorneys Fees and Costs. *See Carty*, No. 94-78, Docket Entry # 541, pages 12 to 17; *See also* Balaban Declaration, *Carty*, No. 94-78, Docket Entry # 541, paragraphs 4 to 7.

4. Potentially Unreasonable Costs, referring specifically to conferences with co-counsel and members of counsel's staff.

a. This objection is rejected. *See supra*, II Applicable Law, paragraph 1; *see also* Balaban Reply, *Carty*, No. 94-78, Docket Entry # 541, at page 17. The time spent by counsel with co-counsel was 5.51 hours, less than 1% of the total hours for which claims are made (607.98).

5. Non-Compensable costs under the VI Law - relating to food, lodging, car rental and gasoline, photo copying, expert fees and the like.

a. This objection is rejected. *See supra*, II Applicable Law, paragraph 1; *see also* Plaintiffs' Reply in Support of Motion, *Carty*, No. 94-78, Docket Entry # 541, pages 17 to 20; *see also Carty*, No. 94-78, slip. op. at 9 (D.V.I. Nov. 19, 2002), Docket Entry #380.

6. Incorrect Hourly Rate - Contending that Plaintiffs' counsel fees should be predicated on the PLRA rate at the time the work was performed, rather than the PLRA rate at the date of the

fee petition.

The Court rejects this argument as it likewise did in its opinion, *Carty*, No. 94-78, slip. op. (D.V.I. Nov. 19, 2002), Docket Entry #380. In the Third Circuit, when attorney's fees are awarded, the rate at the time of the fee petition, rather than that in effect when the services were performed, is used. See *Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001) (citing *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183, 1188-89 (3d Cir. 2001)).

CONCLUSION

The Court rejects the objections of Defendants in their entirety. In view of the work completed and the legal issues raised, the Court finds that Plaintiffs' request for $78,493.75 in attorneys fees and expenses is reasonable. Further, Defendants have not set forth a valid argument as to why the sum requested should not be awarded. Therefore, Plaintiffs' motion is granted and the Court will enter an order accordingly.

Dated: November 10, 2008

HONORABLE STANLEY S. BROTMAN
United States District Judge
(Sitting by Designation)