IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

LAWRENCE CARTY, et al.,

    Plaintiffs,

v.

JOHN DEJONGH, et al.,

    Defendants.

Civil No. 94-78

**OPINION ON PLAINTIFFS'
MOTION TO EXCLUDE EVIDENCE**

**APPEARANCES:**

Eric Balaban, Esq.
ACLU National Prison Project
1875 Connecticut Avenue NW, Suite 410
Washington, DC 20009
    Attorney for Plaintiffs

Benjamin C. Currence, Esq.
Norre Gade, 2nd Floor #12
P.O. Box 6143
St. Thomas, USVI 00804-6143
    Attorney for Plaintiffs

Vincent Frazer, Esq.
Attorney General of the V.I.
Department of Justice
48-B 50C Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802
    Attorney for Defendants

Richard Schrader, Esq.
Assistant Attorney General
Department of Justice
6040 Castle Coakley
Christiansted
St. Croix, USVI 00820
    Attorney for Defendants

I.  **FACTUAL BACKGROUND**

The underlying litigation began on June 20, 1994, when Plaintiffs, pretrial detainees and inmates, filed a class action suit pursuant to 42 U.S.C. § 1983 alleging conditions in the Criminal Justice Complex ("CJC") in St. Thomas were unconstitutional. Plaintiffs named various Virgin Islands officials as defendants including the Governor, Attorney General, Director of the Bureau of Corrections ("BOC"), and the CJC's Warden and Assistant Warden. The parties signed a Settlement Agreement (the "Agreement") on October 12, 1994, which this Court entered as an Order on December 7, 1994. In sum, the Agreement requires Defendants to make specific improvements relating to the operations and conditions of the CJC in order to bring the facility up to minimal constitutional standards.[1]

Presently before this Court is Plaintiffs' Motion to Exclude Evidence (Docket No. 595).[2] In it, Plaintiffs have moved for an Order barring Defendants from presenting either (1) evidence that disputes the findings and recommendations found in the expert reports of Jeffrey Metzner, M.D., and Steve Martin, or (2) evidence of the remedial efforts they have taken since Dr. Metzner and Mr. Martin completed since their on-site tours. A telephonic hearing regarding this matter was conducted on April 29, 2009.[3]

---

[1] *See Carty et. al. v. Farrelly et. al.*, 957 F. Supp. 727 (D.V.I. 1997) and *Carty v. Turnbull et. al.*, 144 F. Supp.2d 395 (D.V.I. 2001).

[2] Defendants have not responded in writing to this motion, which was filed on April 17, 2009.

[3] The telephonic hearing on these issues was initially scheduled for Monday, April 20, 2009 at 2 p.m. The Court on that date at 12:38 p.m. received an email from Assistant Attorney General Richard Schrader, Counsel for Defendants, which reads as follows: "Not well ..... came in earlier but leaving for the day....will not be back in the office today...should be back in tomorrow...". The Court attempted to communicate with Mr. Schrader immediately via e-mail

2

## II.  PROCEDURAL HISTORY

Hearings in this matter are set to take place starting on May 28, 2009 and continue for three to four days of expert testimony. The evidentiary hearings must take place in order for this Court to decide Defendants' Motion to Terminate the Settlement Agreement (Docket No. 556).[4] In anticipation of the hearings, this Court entered a scheduling order on March 13, 2009 enumerating certain deadlines that must be met in order for the parties to prepare for the hearings. Plaintiffs have opposed Defendants' motion to terminate and to support their position they have filed reports by mental health expert Jeffrey Metzner, M.D. and corrections expert Steve Martin, as required by the scheduling order. Both of those experts are scheduled to testify before this court beginning on May 28, 2009.

---

communication at 12:55 p.m. that same day to determine whether someone else from his office would be participating in the teleconference. (The Court also sent further emails to Mr. Schrader on April 21, 2009 and April 24, 2009 to attempt to reschedule the call.) The Court telephoned Mr. Schrader's office on Monday April 20, 2009 and April 21, 2009, but was unable to reach Mr. Schrader and left a voice mail requesting him to call the Court to set up another date. Additionally, the Court contacted Attorney Carol Thomas-Jacobs, Chief of the Civil Section of the V.I. Department of Justice, to advise her of the situation. Contact was made with Mr. Schrader's assistant several days later. She was requested to contact Mr. Schrader to have him call the Court as it was necessary to set a new date as soon as possible. The Court received no response from Mr. Schrader; no emails were returned and phone messages went unanswered. As a result, the Court contacted Attorney Thomas-Jacobs once again to advise her of the situation, and that time was of the essence in having this hearing. She stated that she would check into the situation, informing the Court that Mr. Schrader had signed out for the week as being sick. The Court heard nothing further and set a new date of April 29, 2009 for a telephonic hearing, notifying all counsel and Ms. Jacobs. The Court, on the eve of the hearing, received a call that Warren Williams, Esq., Assistant Attorney General, would appear at the hearing.

[4]By the filing of Defendants' Motion to Terminate, the substantive relief afforded by the Settlement Agreement is automatically stayed. During this time until the motion is decided, Plaintiffs are without the protections that were set forth in the Settlement Agreement.

3

Per the scheduling order, Defendants were to comply with the following items:

- April 7, 2009: Identify with specificity each finding and opinion (or portion thereof) of Plaintiffs' expert reports they dispute or claim to no longer be accurate due to their remedial efforts. For each finding or opinion they dispute or claim is no longer accurate, Defendants must identify all persons with relevant knowledge and produce all documents establishing the basis for Defendants' dispute or claimed inaccuracy.

- April 14, 2009: Deadline for Defendants to provide expert designations, with reports, pursuant to Fed. R. Civ. P. 26(a)(2).

- April 14, 2009: Deadline for Defendants to identify with specificity each provision, or part thereof, of the Settlement Agreement's mental health and corrections provisions they claim are no longer necessary, narrowly tailored, or the least restrictive means to remedy current and ongoing violations of Plaintiffs' federal rights. For each provision (or part thereof), Defendants shall identify all persons with relevant knowledge and produce all documents establishing the basis for Defendants' claim.

Defendants have not complied with any of the above referenced court ordered requirements. Defendants did not seek leave of this Court prior to missing any deadlines. Instead, on April 7, 2009, Defendants filed their Response to Plaintiffs' Expert Reports (Docket No. 591) in which they unilaterally declared that they would file on May 15, 2009 a comprehensive written progress report detailing their remedial efforts and corrections. Additionally, on April 16, 2009,

4

Defendants filed a Motion to Amend the March 13, 2009 scheduling order (Docket No. 594)[5] to allow Defendants to file the comprehensive written progress report to be reviewed by Plaintiffs' counsel before any other discovery were to take place. In those pleadings, filed after deadlines had been missed, Defendants did not make the proper request for extension of deadlines nor did they offer any substantial basis for their failure to meet the dates set forth in the scheduling order.

## III. DISCUSSION

Given that Defendants have violated this Court's order, the Court now considers barring Defendants from presenting evidence at the evidentiary hearings. It is within a judge's discretion to enact such sanctions when a party has failed to obey a scheduling order. *See* Fed. R. Civ. P. 16(f). Specifically, the rules provided that the disobedient party may be "prohibited ... from introducing designated matters into evidence" or even held in contempt of court. Fed. R. Civ. P. 37(b)(2)(D).

With Defendants' Motion to Terminate the Settlement Agreement pending, it is imperative that the parties adhere to the strict scheduling deadlines set in order for that very important motion to be decided. The decision in *Koplove v. Ford Motor Co.* instructs that scheduling orders are at the heart of case management. 795 F.2d 15, 18 (3d Cir. 1986). In *Koplove*, the Third Circuit upheld the district court's refusal to consider opposing papers to a summary judgment motion when filed after the scheduling order deadline. *Id.* at 16-18.

Plaintiffs are severely prejudiced by the fact that they have not been provided with the

---

[5]In addition to this Opinion and Order, the Court has entered this date Orders ruling on both the Motion by Defendants to Amend Scheduling order dated April 16, 2009 (Docket No. 594) and Defendants' Motion for Partial Reconsideration dated March 26, 2009 (Docket No. 588).

requisite information from Defendants so that they can fully prepare for the hearings. Where discovery violations prejudice a party by impeding their ability to prepare a trial strategy, it is also within the court's discretion to bar the opposing party from introduction of evidence. *See Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1997).

Here, Plaintiffs are prejudiced, particularly since Defendants have not provided Plaintiffs with information regarding disputed issues to be addressed during the impending hearings. Since Defendants have not supplied their objections, Plaintiffs have been unable to conduct further discovery requests and depositions that would be relevant to any responses that Defendants should have provided. As such, Plaintiffs are unable to fully prepare for any evidence that would be presented by Defendants at the hearings.

Trial judges are permitted a large amount of discretion when determining admissibility of evidence. *Quinn v. Consol. Freightways Corp.*, 283 F.3d 572, 576 (3d Cir. 2002). This Court shall consider the following factors to determine the appropriate sanctions for Defendants' disregard for the scheduling order: (1) the prejudice caused to Plaintiffs, (2) the ability to cure the prejudice, (3) the extent that the failing to exclude the evidence will have on the case, and (4) the bad faith associated with disobeying the scheduling order. *See Meyers*, 559 F.2d at 904-905.

The Plaintiffs have been caused extreme prejudice by the Defendants' lack of compliance with the scheduling order as they are not able to fully prepare to offer evidence at the hearings regarding Defendants' positions since Defendants have not provided the court ordered information. The only way this Court sees fit to cure that particular prejudice is to prevent Defendants from presenting at the hearings any evidence derived from information which had been requested under the scheduling order. If Defendants would be permitted to present such

evidence, it would be highly prejudicial to Plaintiffs as they would not have been given any advance notice as to the theories and arguments being presented by Defendants and would not be able to properly present evidence and argument contrary to what Defendants would be presenting. Regarding Defendants' potential bad faith, this Court notes that Defendants have a long history in this case of defying court orders, missing deadlines, and generally disobeying the rules of the court.

These hearing dates have been set for quite some time now and the issues to be addressed must be heard promptly and cannot be delayed. Thus, following the precedent set forth in *Koplove* and *Meyers*, this Court is inclined to hold that since Defendants were obligated to provide certain documents and records by clear cut dates and have not done so, Defendants shall be sanctioned and barred from introducing the following at the upcoming hearings: (1) evidence that disputes the findings and recommendations found in the expert reports of Jeffrey Metzner, M.D., and Steve Martin, and (2) evidence of the remedial efforts they have taken since Dr. Metzner and Mr. Martin completed since their on-site tours.[6]

---

[6]Defendants are encouraged to present information regarding remedial efforts elsewhere. They, however, shall not be permitted do so within the parameters of the upcoming hearings.

## IV.  CONCLUSION

Defendants have not complied with any portions of this Court's March 13, 2009 scheduling order. Plaintiffs have been prejudiced and as such this Court grants Plaintiffs' Motion to Exclude Evidence at the hearings scheduled for May 28 & 29, 2009 and June 1 & 2, 2009. The Court will enter an order accordingly.

Dated: May 8, 2009

_____
HONORABLE STANLEY S. BROTMAN
United States District Judge
(Sitting by Designation)