DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

LAWRENCE CARTY, ET AL.,              )
                                     )
          Plaintiffs,                )
                                     )
          v.                         )       Civil No. 1994-78
                                     )
GOVERNOR KENNETH MAPP, ET AL.,       )
                                     )
          Defendants.                )
                                     )
_____      )

ATTORNEYS:

**Eric Balaban, Esq.**
National Prison Project of the ACLU
Washington, DC
**Benjamin A. Currence, Esq.**
Law Offices of Benjamin A. Currence
St. Thomas, VI
     *For the plaintiffs,*

**Claude Walker, Acting Attorney General**
**Carol Thomas-Jacobs, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
     *For the defendants.*

ORDER

GÓMEZ, J.

     Before the Court is the Consent Decree between Lawrence

Carty, Jeff Immel, Mao Penha, Dennis Swartz, William Penn Jr.

and others similarly situated (collectively the "plaintiffs")

and the Governor of the Virgin Islands, the Director of the

Virgin Islands Bureau of Corrections, the Attorney General of

the Virgin Islands, Kurt Walcott, Viola A. Fong, and Warden

*Carty, et al. v. Mapp, et al.*
Civil No. 1994-78
Order
Page 2

Everett Hansen (collectively the "defendants" or the "Virgin

Islands").

The Consent Decree sets forth various reforms designed to

remedy the unconstitutional conditions found within the St.

Thomas correctional facilities. Specifically, the Virgin Islands

was required to implement certain reforms regarding medical

treatment, use of force, prisoner classification, and security,

among others. This case began in 1994. It has remained

unresolved for over twenty years.  The most recent amendment to

the Consent Decree was entered in August, 2013.

In a part of the Consent Decree labeled "Implementation"

the Consent Decree required the Virgin Islands to propose a

schedule for implementation of the substantive terms of the

Consent Decree within 90 days of the amendment. The Consent

Decree also required that the Virgin Islands implement every

policy, procedure, plan, training, system, and other item

required. Finally, the Virgin Islands were instructed to take

various measures in order to evaluate their compliance with the

Consent Decree.  Ninety days passed, and no schedule was

proposed.  Indeed, for well over a year it appears that no

action was taken at all. The record does not demonstrate that

the Virgin Islands is in substantial compliance with any

provision of the Consent Decree.

*Carty, et al. v. Mapp, et al.*
Civil No. 1994-78
Order
Page 3

The Court held a hearing on this matter on February 23, 2015. At that hearing, the parties presented evidence regarding the Virgin Islands efforts, or lack thereof, to comply with the Consent Decree. During this hearing, the Court voiced its intention to have this matter follow the pattern set by the Virgin Islands Police Department Consent Decree case (Civil No. 2008-158).

As such, the Court suggested that the parties target meaningful and achievable quarterly goals. In light of the Court's suggestion, the parties agreed to submit quarterly proposed goals.  Such proposed goals would be subject to approval by the Court. The parties consented to a hearing each quarter on the status of compliance with each respective quarter's goals. The Virgin Islands also agreed to submit the documentation required under the Consent Decree.

On March 5, 2015, the Virgin Islands filed a notice of their quarterly goals for the quarter ending in May/June, 2015.

The premises considered, it is hereby

**ORDERED** that the parties' agreement to submit to the Court proposed quarterly goals and to accomplish any goals accepted by the Court by each respective quarter's end is **ADOPTED**; it is further

*Carty, et al. v. Mapp, et al.*
Civil No. 1994-78
Order
Page 4

     **ORDERED** that the Consent Decree is hereby **AMENDED** to

include a new Paragraph, which shall be designated Paragraph

VIII.K, which shall read as follows:

> On a quarterly basis, the Virgin Islands shall
> select at least four provisions of the Consent
> Decree in which the Virgin Islands believes it
> can achieve substantial compliance. The subject
> areas chosen shall be designated as the Virgin
> Islands' "quarterly goals." Such goals must be
> reviewed and accepted by the Court. Upon the
> Court's acceptance, the Virgin Islands shall be
> obligated to complete the quarterly goals by the
> end of the quarter.
>
> The quarters shall end on the first Friday of
> May, August, November, and February of each
> calendar year. The proposed quarterly goals
> shall be submitted to the Court no later than
> ten (10) weeks before the end of the quarter in
> which those goals are to be accomplished.
>
> The experts' reports, as required by Paragraph
> VIII.F, shall address progress made towards
> achievement of the quarterly goals for the
> quarter that has ended. The experts shall file
> such reports by no later than the second Friday
> of May, August, November, and February. Each
> party shall file a report regarding the progress
> made towards the achievement of quarterly goals
> for the quarter that has ended by the third
> Friday of May, August, November, and February.
>
> An evidentiary hearing shall be held on fourth
> Friday of May, August, November, and February
> unless otherwise ordered by the Court. At the
> hearing, the parties shall be prepared to
> present such testimony and evidence as are
> necessary to apprise the Court fully of the
> status of the Consent Decree.
>
> The failure of the Virgin Islands to achieve
> quarterly goals accepted by the Court may result
> in a finding of contempt.

*Carty, et al. v. Mapp, et al.*
Civil No. 1994-78
Order
Page 5


It is further

　　**ORDERED** that the quarterly goals submitted by the Virgin

Islands to be completed by November, 2015, are accepted; it is

further

　　**ORDERED** that an evidentiary hearing in this matter is

**SCHEDULED** to commence promptly at 9:00 a.m. on November 27,

2015.


　　　　　　　　　　　　　　　　S_____

　　　　　　　　　　　　　　　　　　**CURTIS V. GÓMEZ**
　　　　　　　　　　　　　　　　　　**District Judge**