```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS & ST. JOHN

LAWRENCE CARTY, et al.,         )
                                )
          Plaintiff,            )
                                )
          v.                    )    Civil No. 1994-78
                                )
KENNETH MAPP, et al.,           )
                                )
          Defendants.           )
                                )
```

**ATTORNEYS:**

**Eric Balaban**
National Prison Project of the ACLU
Washington, DC
    *For the plaintiff Lawrence Carty,*

**Joseph Ponteen, Acting Attorney General**
**Shari N D'Andrade, AAG**
**Carol Thomas-Jacobs, AAG**
**Richard Schrader, JR, AAG**
Virgin Islands Department of Justice
Christiansted, VI
    *For the defendant Governor Kenneth Mapp.*

<u>**ORDER**</u>

**GÓMEZ, J.**

In 1994, Lawrence Carty and other similarly situated inmates in the custody of the Virgin Islands Bureau of Corrections (collectively "Carty") instituted this action against the Governor of the Virgin Islands, the Director of the Virgin Islands Bureau of Corrections, the Attorney General of the Virgin Islands, Kurt Walcott, Viola A. Fong, and Warden Everett Hansen (collectively the "Virgin Islands"). Carty

alleged various constitutional violations due to the conditions within the St. Thomas correctional facilities.

The parties have since entered into a Settlement Agreement. The Settlement Agreement, which has been approved by the Court, requires substantial compliance with its provisions. The parties' efforts to achieve substantial compliance is the object of continuous monitoring by the Court. The Settlement Agreement sets forth various reforms designed to remedy the unconstitutional conditions found within the St. Thomas correctional facilities. Specifically, the Virgin Islands was required to implement certain reforms regarding medical treatment, use of force, prisoner classification, and security, among others.

The underlying deficiencies at the Bureau of Corrections that gave rise to this case largely have remained unresolved for over twenty years. The most recent amendment to the Settlement Agreement was entered in August 2015.

Implementing sustainable reforms at the Bureau of Corrections is a significant undertaking. It requires strategic planning, ongoing collaboration, continuous program development and evaluation, and consistent investment in human and other resources.

The Court recognizes that the executive branch may change the position or status of certain principals associated with the BOC. The Court also recognizes the need to achieve and foster compliance with the provisions of the Settlement Agreement; and the need to be timely apprised of any developments that may affect the achievement of substantial compliance.

The premises considered, it is hereby

**ORDERED** that the parties shall file a notice with the Court advising the Court of any change in position or status of any principal involved in this matter, including counsel, at least seven days in advance of the effective date of any change in status or position; provided, however, that, such notice to the Court shall be filed immediately if a principal is afforded less than seven days notice before a change in status or position is effective.

S\_____
**Curtis V. Gómez**
**District Judge**