# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| LAWRENCE CARTY, et al., | : | Civil No. 94-78 |
| Plaintiffs, | : | |
| v. | : | |
| ALBERT BRYAN, et al., | : | |
| Defendants. | : | |

## PLAINTIFFS' EXPEDITED MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND COMPEL PRODUCTION OF DOCUMENTS AND PHOTOGRAPHS/VIDEOS/POWERPOINT MATERIALS

Plaintiffs respectfully move the Court to enforce the 2013 Settlement Agreement and compel Defendants to produce documents requested by Plaintiffs.

The Court has set this case for quarterly evidentiary hearing due to Defendants' failure to make adequate progress in complying with the Settlement Agreement. (DE 833). The documents Plaintiffs have requested address conditions at the Criminal Justice Complex (CJC) for the previous quarter. They are also potential exhibits for the hearing on the last quarter now set for May 24, 2019. In order to review these materials for the hearing, Plaintiffs respectfully request the Court to compel Defendants to produce them immediately. The grounds for this motion are set forth below.

### BACKGROUND

On May 2, 2019, as a follow-up to a site visit conducted the previous week, Plaintiffs' counsel sent via email a request for materials, documents and videos to Defendants' counsel. *See* Ex. A. Defendants produced a number of responsive documents, but failed to produce others. Plaintiffs sent multiple follow-up requests to Defendants inquiring about the status of the

requested records. *See, e.g.*, Ex. B (sampling of follow up requests). Additionally, Defendants have not fully produced the required monthly report for April 2019, leaving out essential items, such as the Human Resources Report, which Plaintiffs' need to provide the Court with an assessment of Defendants' compliance with the Consent Decree and Quarterly Goals at the upcoming evidentiary hearing. *See* Agreement Section IV.N.1. (requiring a sufficient number of custody staff to provide for safety and security of all prisoners). Plaintiffs have also sent follow-up correspondence to Defendants inquiring about the status of the outstanding items from the monthly report. *See, e.g.*, Ex. C. Without these crucial documents, which may be offered as evidence in court, Plaintiffs will be unable to fully prepare for the upcoming quarterly evidentiary hearing and stand ready to fully apprise the Court of Defendants' compliance with the Consent Decree and Quarterly Goals.

I. **DEFENDANTS ARE OBLIGATED UNDER THE AGREEMENT TO PRODUCE THE REQUESTED DCOUMENTS AND VIDEOS.**

It is established that district court judges retain the power to enforce consent decrees entered in their cases. *See, e.g.*, *Frew v. Hawkins*, 540 U.S. 431, 432 (2004) ("Federal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced."). Thus, "[u]ntil parties to such an instrument have fulfilled their express obligations, the court has continuing authority and discretion—pursuant to its independent juridical interests—to ensure compliance." *Holland v. New Jersey Dep't of Corrections*, 246 F.3d 267, 283 (3d Cir. 2001). Consent decrees are enforced on their plain terms. *See Harris v. City of Philadelphia*, 137 F.3d 209, 212 (3d Cir.1998) ("A court should not later modify the decree by imposing terms not agreed to by the parties or not included in the language of the decree.").

Defendants have violated the 2013 Settlement Agreement by failing to produce the documents and videos Plaintiffs have requested. The Agreement states:

> Defendants shall maintain sufficient records to document that the requirements of this Agreement are being properly implemented and shall make such records available to Plaintiffs' Counsel at all reasonable times for inspection and copying. In addition, Defendants shall also provide all documents not protected by the attorney-client or work product privilege reasonably requested.

DE 765-1 at 20–21.  The Agreement further provides, "Plaintiff[s'] Counsel shall have sufficient access to . . . documents to fulfill its duties in monitoring compliance and reviewing and commenting on documents pursuant to this Agreement." *Id.* at 21.

The Agreement also retains and incorporates all the parties' monitoring and enforcement rights and duties from the 1994 Settlement Agreement and subsequent orders. *Id.* at 21.  The 1994 Agreement, in turn, requires Defendants to provide Plaintiffs' counsel with access to any requested records that may demonstrate compliance or non-compliance. *See* DE 805-2 (1994 Agreement) at 44.

The records that Plaintiffs are requesting are relevant to Defendants' compliance with and implementation of the Agreement.  The requested investigations include documents related to instances of contraband possession, use of force, internal and administrative investigations of the same, and discipline.  They are thus relevant to many security provisions of the Agreement, including those provisions requiring implementation of a reliable, timely and thorough investigative system.  *See, e.g.*, Agreement Sections IV.D. (requiring implementation of a system to detect contraband, conduct searches and shakedowns, and investigate instances of contraband being introduced into the facility), H. (requiring appropriate use of force policy, documentation of use of force incidents and investigations of same), I. (requiring appropriate controls on use of restraints and documentation of use of restraints), J. (requiring implementation of a timely and appropriate grievance system), K. (requiring Defendants to implement a system for timely and appropriate administrative investigations), and XI (requiring implementation of timely and appropriate disciplinary

system, including adequate documentation of same).

The requested photographs, videos, presentations/visual depictions of conditions at CJC referred in the written testimony of BOC Director Winnie Testamark to the 33rd Legislature (DE 1106-8) are relevant to Defendants' implementation of a number of provisions of the Agreement and document substandard conditions of confinement at CJC. *See, e.g.*, Agreement Section IV.D.1. (requiring comprehensive preventive maintenance and repair plan for the physical plant, and requiring documentation of needed repairs), D.2. (requiring comprehensive kitchen maintenance and sanitation plan, and documentation of needed repairs and sanitation tasks), D.3. (requiring adequate lighting, air circulation, and ventilation). They also go to the necessity of a new facility to satisfy the requirements of the Agreement.

## II. PLAINTIFFS CANNOT FULLY PREPARE FOR THE QUARTERLY EVIDENTIARY HEARING DUE TO DEFENDANTS' NON-COMPLIANCE.

Plaintiffs further request the Court expedite its ruling on this motion, so that they have time to review the records Defendants have failed to produce to date, and incorporate them into their hearing preparation. In setting the case for quarterly hearings, the Court was explicit that counsel must "be prepared to present such testimony and evidence as are necessary to apprise the Court fully of the status of the Consent Decree." (DE 833 at 4). Plaintiffs cannot do so without the requested materials, some of which are required to be produced on a routine basis, but have not been.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to enforce the Agreement and compel Defendants to produce the documents and videos they have requested immediately. They also respectfully ask the Court to expedite its ruling on this Motion given the pendency of the May 24, 2019 hearing.

Respectfully submitted,

/s/ **ERIC BALABAN**
Eric Balaban
National Prison Project of the ACLU Foundation
915 15th Street
Seventh Floor
Washington, D.C. 20005
(202) 393-4930

*Attorneys for Plaintiffs*

Dated: May 21, 2019

**CERTIFICATE OF SERVICE**

   I hereby certify that, on May 21, 2019, a true and correct copy of the foregoing pleading and proposed Order were served by the Notice of Electronic Filing administered by this Court to the following counsel for Defendants at the following address:

Carol Thomas-Jacobs
Assistant Attorney General
V.I. Department of Justice
Office of the Attorney General
8050 Kronprindens Gade
St. Thomas, VI 00902
carol.jacobs@doj.vi.gov

Shari D'Andrade
Special Assistant Attorney General
V.I. Department of Justice
Office of the Attorney General
6040 Estate Castle Coakley
Christiansted, VI 00820
shari.d'andrade@doj.vi.gov

                 /s/ **ERIC BALABAN**
                 Eric Balaban