```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS & ST. JOHN
```

**LAWRENCE CARTY, et al.,**            )
                                        )
        **Plaintiff,**    )
                                        )
        v.                 )    Civil No. 1994-78
                                        )
**ALBERT BRYAN, et al.,**               )
                                        )
        **Defendants.**   )
                                        )

**ATTORNEYS:**

**Eric Balaban**
National Prison Project of the ACLU
Washington, DC
    *For the plaintiff Lawrence Carty,*

**Denise George-Counts, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
Christiansted, VI
    *For the defendant Governor Albert Bryan.*

## ORDER

**GÓMEZ, J.**

On August 1, 2019, the Court held a status conference with the parties. At that conference, the parties discussed how the Virgin Islands Bureau of Corrections ("BOC") could make meaningful tangible inroads toward obtaining substantial compliance with the Settlement Agreement adopted and entered as an Order of the Court on August 29, 2013, (the "2013 Settlement Agreement") and the October 12, 1994, Settlement Agreement (the "1994 Settlement Agreement") in this matter. The Court suggested

that Dr. Kathryn Burns ("Burns"), the court-appointed mental health expert, and David Bogard ("Bogard"), the court-appointed security expert, (collectively referred to herein as the "Court Experts") each formulate and submit an independent plan outlining a pathway to compliance. The parties agreed that such and undertaking would be beneficial.

Thereafter, the Court held a status conference with the Court Experts. During that conference, consistent with the agreement of the parties, the Court requested, and the Court Experts agreed, that Burns and Bogard each would submit an independent plan that would outline specific, demonstrable, and tangible tasks necessary to be undertaken to obtain substantial compliance with the provisions of the 1994 and 2013 Settlement Agreements, which tasks are expected to be completed in the short-term (by the end of August, 2019, and September, 2019); near-term (by the end of the quarter); mid-term (within six months); and long-term (beyond six months).

The premises considered, it is hereby

**ORDERED** that the Court Experts shall each file a plan proposing specific, demonstrable, and tangible tasks necessary to be undertaken to obtain substantial compliance with the provisions of the 1994 and 2013 Settlement Agreements, which

tasks shall be completed in the short-term, by no later than 5:00 p.m. on August 5, 2019, it is further

**ORDERED** that to the extent they wish to do so, the parties shall file any objections to the Court Experts' proposed short-term tasks, by no later than 5:00 p.m. on August 7, 2019, it is further

**ORDERED** that the Court Experts shall each file a plan proposing specific, demonstrable, and tangible tasks necessary to be undertaken to obtain substantial compliance with the provisions of the 1994 and 2013 Settlement Agreements, which tasks shall be completed in the near-term, mid-term, and long-term, by no later than 5:00 p.m. on August 19, 2019, it is further

**ORDERED** that to the extent they wish to do so, the parties shall file any objections to the Court Experts' proposed near-term, mid-term, and long-term tasks, by no later than 5:00 p.m. on August 23, 2019, it is further

**ORDERED** that the parties shall provide copies of this order to the Court Experts.

S\_____
    **Curtis V. Gómez**
    **District Judge**