DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1994-78 |
| | ) |
| ALBERT BRYAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ATTORNEYS:**

**Eric Balaban**
National Prison Project of the ACLU
Washington, DC
    *For the plaintiff Lawrence Carty,*

**Denise George-Counts, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
Christiansted, VI
    *For the defendant Governor Albert Bryan.*

## ORDER

**GÓMEZ, J.**

On August 1, 2019, the Court held a status conference with the parties. At that conference, the parties discussed how the Virgin Islands Bureau of Corrections ("BOC") could make meaningful tangible inroads toward obtaining substantial compliance with the Settlement Agreement adopted and entered as an Order of the Court on August 29, 2013, (the "2013 Settlement Agreement") and the October 12, 1994, Settlement Agreement (the

"1994 Settlement Agreement") in this matter. The Court suggested that Dr. Kathryn Burns ("Burns"), the court-appointed mental health expert, and David Bogard ("Bogard"), the court-appointed security expert, (collectively referred to herein as the "Court Experts") each formulate and submit an independent plan outlining a pathway to compliance. The parties agreed that such and undertaking would be beneficial.

Thereafter, the Court held a status conference with the Court Experts. During that conference, consistent with the agreement of the parties, the Court requested, and the Court Experts agreed, that Burns and Bogard each would submit an independent plan that would outline specific, demonstrable, and tangible tasks necessary to be undertaken to obtain substantial compliance with the provisions of the 1994 and 2013 Settlement Agreements, which tasks are expected to be completed in the short-term (by the end of August, 2019, and September, 2019); near-term (by the end of the quarter); mid-term (within six months); and long-term (beyond six months).

On August 5, 2019, the Court Experts each submitted plans outlining tasks to be completed by the end of August 2019 and September 2019.

On August 7, 2019, both parties separately filed their objections to the Court Experts' proposed short-term tasks.

The premises considered, it is hereby

**ORDERED** that the BOC shall complete the following tasks by August 31, 2019:

1) Develop a position description for one additional full time mental health professional at the Alexander Farrelly Criminal Justice Complex ("CJC");

2) Submit a report outlining in detail and with specificity Dr. Leighman Lu's responsibilities at the CJC and at the Golden Grove Adult Correctional Facility. The report shall include the total amount of hours, per facility, that the BOC regards as adequate for Dr. Lu to perform his responsibilities. Additionally, the report shall outline each provision that the BOC has established to provide a substitute in the event of Dr. Lu's unavailability;

3) Identify and commence the contracting process to secure an alternate psychiatrist to review involuntary medication hearing appeals;

4) Finalize the contract for a new CCTV system at the CJC and initiate installation work;

5) Submit a report identifying progress that has or has not been made, and concrete measures taken relative to the August 1, 2018-19, Staffing Plan that was submitted by BOC as a Quarterly Goal in August 2018;

6) Complete Hospital Security training under the revised Administrative Directive on Hospital Security; and

7) Finalize the Evacuation Drill Schedule developed as a goal for the quarter ending on August 2, 2019;

it is further

**ORDERED** that the BOC shall complete the following tasks by September 30, 2019:

1) Post the mental health position developed in August, 2019, and begin the selection/hiring process;

2) Complete evacuation drills for the 8AM-4PM shift as set forth in the pending CJC Schedule, Parameters for Evacuation Drills;

3) Train all staff in two existing administrative directives ("AD") on Housing Unit Cluster Rounds (AD-2015-1) and Maintaining Cluster /Housing Assignments (AD-2015-2);

4) Conduct monthly searches/shakedowns of all cells in all clusters and associated dayrooms as per AD-2015-11 Contraband Control;

5) Submit a plan to the Court, parties, and experts for establishing direct supervision at the CJC and Alva Swan Annex (the "Annex"). The plan must include a financing plan to pay for the planning, design, and renovation at the CJC and Annex; and

6) Train Classification staff to consistently implement the practice of including the reason(s) for identified prisoner separations in the Comments field of the keep-separate list distributed daily to housing unit posts and other security posts in operation, as per the existing administrative directive on the *Keep-Separate List* (AD-2015-5);

and it is further

**ORDERED** that failure to comply timely with any of the provisions in this order may result in the imposition of sanctions starting at $2500 per day for each task that is not completed.

                                                  S\_____
                                                      **Curtis V. Gómez**
                                                      **District Judge**