DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| LAWRENCE CARTY, et al., | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 1994-78 |
| v. | ) ) | |
| ALBERT BRYAN, et al., | ) ) | |
| Defendants. | ) ) | |

ATTORNEYS:

**Eric Balaban**
National Prison Project of the ACLU
Washington, DC
    *For the plaintiff Lawrence Carty,*

**Denise George, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
    *For the defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the Virgin Islands Bureau of Corrections ("BOC") for a protective order prohibiting the dissemination of security surveillance video footage.

On July 2, 2018, a use of force incident occurred in which a correctional officer used force against a prisoner at the Alexander Farrelly Criminal Justice Complex ("CJC"). That incident was captured on security video footage.

Under the provisions of the Settlement Agreement adopted and entered as an Order of the Court on August 29, 2013, (the "2013 Settlement Agreement"), the BOC is required to maintain and make available records to document that the requirements of the 2013 Settlement Agreement are being properly implemented. *See* Settlement Agreement at 20, ECF No. 765-1. Consistent with that provision, the BOC made footage of the July 2, 2018, use of force incident available to Lawrence Carty and similarly situated inmates (collectively "Carty") in the custody of the BOC.

On November 28, 2018, at a quarterly evidentiary hearing before the Court, Carty presented the security video footage of the July 2, 2018, use of force incident in open court. The BOC did not object to that presentation.

Sometime thereafter, the BOC became aware that Carty's counsel had published the security video footage of the July 2, 2018, use of force incident on the website of the American Civil Liberty Union ("ACLU").

On February 19, 2019, the BOC filed a motion requesting a protective order prohibiting the dissemination of security surveillance video footage to third parties.

On March 8, 2019, Carty filed an opposition to the BOC's motion for a protective order.

The BOC seeks a protective order pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"). Rule 26 permits a court to enter a protective order to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26 provides in pertinent part that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*See* Fed. R. Civ. P. 26(c)(1). "A protective order is intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotation marks omitted) (citations omitted).

"The proponent of the protective order shoulders '[t]he burden of justifying the confidentiality of each and every

document sought to be' sealed." *Id.* at 671 (citations omitted). A district court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* (internal quotation marks omitted) (citations omitted). "The party seeking a protective order over discovery material must demonstrate that 'good cause' exists for the order." *Id.* (internal quotation marks omitted) (citations omitted). "Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Id.* (internal quotation marks omitted) (citations omitted). "To that end, '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'" *Id.* (citations omitted).

In this case, the security video footage for which the BOC seeks a protective order was presented in open court. At that time, the BOC did not object. Significantly, the Third Circuit has held that "[i]t is well established that the release of information in open court is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988).

Even if the BOC had not waived its ability to challenge further disclosure of the security video footage, its argument would fail on the merits. The BOC argues that the Court should prohibit dissemination of the July 2, 2018, security surveillance footage because such dissemination "impacts jail security and raises concerns for staff and prisoners." *See* Defs.' Mot. for Protective Order at 3, ECF No. 1088.

First, the BOC asserts that "[t]he video reveals camera locations and the layout of the housing unit." *Id.* Significantly, the locations of cameras and the layout of the housing units within the CJC are apparent to inmates. As such, regardless of the availability of the security surveillance footage, the inmates could communicate this information to third parties. Furthermore, the video reveals nothing more than a room with several tables and two doors. The Court does not find that this depiction raises sufficient security concerns to justify a protective order.

Second, the BOC asserts serious concerns "with the possible repercussions for the staff involved in the use of force incident and the BOC staff in general in this small community." *See* Defs.' Mot. for Protective Order at 3, ECF No. 1088. Significantly, the identity of the correctional officer involved in the July 2, 2018, use of force incident and the BOC

investigation of that incident have been testified to repeatedly at several quarterly evidentiary hearings. These hearings are open to the public. Moreover, the transcripts for those hearings and the quarterly status reports submitted by the parties--which also refer to the July 2, 2018, use of force incident--are available to the public on the docket. Given these circumstances, any attempt to restrict further publication of the information contained in the security video footage would have limited utility. As such, the BOC has not established good cause for a protective order prohibiting the dissemination of the security video footage of the July 2, 2018, use of force incident.

The premises considered, it is hereby

**ORDERED** that the BOC's motion for a protective order, ECF No. 1088, is **DENIED.**

S\_____
**Curtis V. Gómez**
**District Judge**