DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|   |   |   |
|---|---|---|
| LAWRENCE CARTY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 1994-78 |
| v. | ) | |
| | ) | |
| ALBERT BRYAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**Eric Balaban**
National Prison Project of the ACLU
Washington, DC
   *For the plaintiff Lawrence Carty,*

**Denise George, Attorney General**
**Kevin L. Vidale, Special Assistant Attorney General**
**Carol Thomas-Jacobs, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
   *For the defendants.*

### ORDER

**GÓMEZ, J.**

On August 21, 2015, this Court entered an order amending the Consent Decree in this matter. *See* Order, August 21, 2015, ECF No. 833. That order requires the parties to set quarterly goals that will meaningfully advance the Virgin Islands Bureau of Corrections ("BOC") toward achieving substantial compliance with the Consent Decree. *See id.* at 4. Additionally, the August 21, 2015, order set quarterly evidentiary hearings on the fourth

Friday of each May, August, November, and February to assess the BOC's progress toward achievement of the quarterly goals. *Id.* To prepare the Court and the parties for that assessment, the August 21, 2015, order also requires the experts in this matter to file reports "no later than the second Friday of May, August, November, and February." *Id.* The August 21, 2015, order also requires the parties to file "a report regarding the progress made towards the achievement of quarterly goals . . . by the third Friday of May, August, November, and February." *Id.*

The quarterly evidentiary hearing for November, 2019, was originally scheduled to commence on November 22, 2019. As such, the August 21, 2015, order required the experts to file their reports by November 8, 2019, and the parties to file their reports on November 15, 2019. At no time did any party request an extension of time to file their respective quarterly report.

On October 30, 2019, the Court granted Lawrence Carty's ("Carty") motion to advance the quarterly evidentiary hearing one day to November 21, 2019. On November 6, 2019, the experts filed their quarterly reports. *See* Notice of Filing Expert Quarterly Reports, ECF No. 1184. On November 15, 2019, Carty filed his quarterly report. *See* Status Report, November 15, 2019, ECF No. 1185. At 11:59 p.m. on November 20, 2019, the BOC filed its quarterly report.

The quarterly hearing commenced at 9:30 a.m. on November 21, 2019. At that time, Carty's counsel, Attorney Eric Balaban, objected to the late filing by the BOC. At the end of the quarterly hearing, the Court afforded Special Assistant Attorney General Kevin L. Vidale ("Attorney Vidale") and Assistant Attorney General Carol Thomas-Jacobs ("Attorney Thomas-Jacobs") an opportunity to explain their non-compliance with the Court's August 21, 2015, order. Attorney Vidale and Attorney Thomas-Jacobs asserted that a transition from Attorney Thomas-Jacobs to Attorney Vidale as lead counsel for BOC caused them to inadvertently miss the deadline. Significantly, Attorney Vidale reported that he became involved as BOC's counsel on October 15, 2019, one month prior to the filing deadline in this matter.

Importantly, the purpose of the filing deadlines in the August 21, 2015, order is to ensure that each party is fully informed before the quarterly hearing. The timely disclosure of relevant information maximizes the utility of the hearing. BOC's failure to meet that deadline violated a longstanding court order. That failure compromised and diminished the utility of the November 21, 2019, quarterly hearing.

The explanation offered by the BOC is woefully inadequate. Addition of new counsel to a case is not novel. Indeed, lead counsel for the BOC changed in July, 2019, when the former lead

counsel left the employ of the Virgin Islands Attorney General's Office. That transition did not prevent the BOC from timely filing its August quarterly report. Unlike the circumstances presented in July, Attorney Thomas-Jacobs, as evidenced by her presence at the November 21, 2019, hearing, remains involved with the case. Moreover, this was not an instance where the successor counsel was unknown. Attorney Vidale came on board a full month prior to the November filing deadline. Despite this, neither Attorney sought leave of Court for an extension to file the November quarterly report.

Among the implied and "'incidental'" powers of a federal court is the power "to discipline attorneys who appear before it." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Ex parte Burr*, 22 U.S. 529 (1824)). Employing its inherent powers, a court can control admission to its bar, discipline attorneys, punish for contempt, vacate its own judgment upon a finding of fraud, bar a criminal defendant from a courtroom for disruptive behavior, dismiss a suit on *forum non conveniens* grounds or for failure to prosecute, and assess attorney's fees. *See Chambers*, 501 U.S. at 43-46. Significantly, sanctions imposed under the court's inherent authority do not always require a showing of bad faith. *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 n.11 (3d Cir. 1994).

In light of that authority and the relevant facts, the Court finds that a modest monetary sanction is appropriate for the BOC's violation of the August 21, 2015, order.

The premises considered, it is hereby

**ORDERED** that Attorney Vidale and Attorney Thomas-Jacobs shall each pay fifty dollars ($50) to the clerk of the Court no later than Friday, December 13, 2019.

                                          S\_____
                                            **Curtis V. Gómez**
                                            **District Judge**