IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALBERT BRYAN, ET AL., )<br>)<br>Defendants. )<br>) | Civil Action No. 1994-78 |

**Virgin Islands's Motion for Protective Order to View Security Surveillance Video Footage in Camera**

Defendants respectfully move the Court to enter a protective order to show video footage from security surveillance at the Alexander A. Farrelly Criminal Justice Complex (CJC) in camera. Under Federal Rule of Civil Procedure 26(c)(1), a party may move for a protective order to shield a party from annoyance, embarrassment, oppression or undue burden or expense. FED. R. CIV. PROC. 26(c)(1). Such motions must certify that the moving party conferred or attempted to confer in good faith with the other parties to resolve the dispute without involvement from the court. *Id*. If good cause is shown, the court may issue an order to forbid disclosure, specify terms of disclosure, prescribe a discovery method, designate the persons that may be present while discovery is conducted or require that confidential information be disclosed in a certain way. *Id*. Such orders offer the parties' some privacy when measured against the "public's right to obtain information concerning judicial proceedings." *In re Avandia Mktg.*, *Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019).

The Virgin Islands Bureau of Corrections (the Bureau) meets the burden to justify the confidentiality of certain video footage, because public disclosure of this information would harm the safety and security of staff at CJC. *See id*. at 671 (noting that the moving party for a protective order bears the burden of authorizing the confidentiality of documents sought). Because the Bureau's surveillance system has blind spots, it cannot identify staff and inmates in certain locations. Revealing

that information to the public would allow third parties to disclose weaknesses in the closed-circuit system to members of the community.  In addition, video surveillance footage will depict how correctional officers responded to incidents described in reports completed at CJC and shared with Plaintiffs.  Third parties may communicate the information gleaned from the video footage to inmates in CJC for purposes of undermining the security and safety of everyone in the facility.  *See Perasso v. Wash. Dep't of Corr.*, 2019 U.S. Dist. LEXIS84670, 2019 WL 2172857, at *4 (W.D. Wash. May 20, 2019) (noting that showing features of a video surveillance system that may be weak may weaken the orderly operation of a prison).  Those harms are specific enough to warrant closure of the record for video footage that may be shown in court.  *See In re Avandia Mktg.* at 671 (noting that good cause for a protective order means that a specific injury may inure to the party seeking closure); *Ex*. 1.

And the Bureau has attempted to secure an agreed upon protective order with the Plaintiffs but have not received a final response.  *See Exs*. 2, 3.  It also forwarded copies of incident reports that capture the matters in question to Plaintiffs.  This is consistent with the terms of the 2013 Amended Consent Decree.  To ensure the safe and orderly operation of facility, the Territory prays that this court will enter an order for production of the video footage in camera, allowing for only the judge, Court clerk, the parties, and witnesses to view.

        Respectfully submitted,

March 5, 2021        */s/ Kelvin L. Vidale*
        Kelvin L. Vidale
        Special Assistant Attorney General
        Bureau of Corrections
        RR 1, Box 9909
        Kingshill, VI 00850
        (340) 773-6309
        kelvin.vidale@boc.vi.gov

CERTIFICATE OF SERVICE

      I hereby certify that on March 5, 2021, I electronically filed the foregoing using the Court's Electronic Court Filing system, which will send electronic notification to the following:

ERIC BALABAN
Senior Staff Counsel
ACLU National Prison Project
915 15th St., N.W.
Seventh Floor
Washington, DC 20005
Telephone: (202) 393-4930
Fax: (202) 393-4931
E-mail: ebalaban@aclu.org

ARCHIE JENNINGS
Disability Rights Center of the Virgin Islands
9003 Havensight Mall, Suite 313
St. Thomas, VI 00802
Telephone: (340) 776-4303
E-mail: archie@drcvi.org
Fax: (202) 393-4931
E-mail: ebalaban@aclu.org

KIPPY ROBERSON
Disability Rights Center of the Virgin Islands
63 Cane Carlton
Frederiksted, VI 00840
Telephone: (340) 772-1200
E-mail: kippy@drcvi.org

CAROL THOMAS-JACOBS
Deputy Attorney General
Virgin Islands Department of Justice
Office of the Attorney General
8050 Kronprindens Gade
St. Thomas, VI 00802
Telephone: (340) 774-5666
Fax: (340) 776-3493
E-mail: carol.jacobs@vi.gov

                                                */s/ Kelvin L. Vidale*
                                                Kelvin L. Vidale