## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **LAWRENCE CARTY, et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:94-cv-0078 |
| ) | |
| **ALBERT BRYAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the Settlement Agreement adopted and entered as an Order of the Court on August 29, 2013, (the "2013 Settlement Agreement") in this matter.

On April 7, 2021, the Court held a status conference with the parties. At that conference, the Court and the parties discussed the continued assessment of the areas within the 2013 Settlement Agreement that are subject to compliance. Those areas include: (1) Safety and Supervision; (2) Medical and Mental Health Care; (3) Training; (4) Americans with Disabilities Act; (5) Religious Freedom; (6) Legal Access; (7) Mail, Telephone, and Visitation; and (8) Inmate Discipline.

Significantly, the 2013 Settlement Agreement contains a requirement that a number of experts in specified areas be selected to oversee the implementation of the 2013 Settlement Agreement. *See* Settlement Agreement at 21, ECF No. 765-1. These experts are essential for the continued assessment and monitoring of the Virgin Islands Bureau of Correction's ("BOC") compliance with the 2013 Settlement Agreement. In addition to the experts appointed in this matter—Dr. Kathryn Burns, the mental health expert; Mr. David Bogard, the security expert; and Dr. James Austin, the classification expert—the 2013 Settlement Agreement also requires the parties to "jointly select experts in the fields of (1) medical care, and (3) environmental/fire safety." *Id.*

At the April 7, 2021 status conference, the parties admitted that, despite the requirement for experts in the fields of medical care and environmental/fire safety in the 2013 Settlement Agreement, such experts had never been selected. After the Court and the

*Carty et al. v. Bryan et al.*
Case. No. 3:94-cv-0078
Order
Page 2 of 2

parties discussed the need to select experts in these fields, the parties agreed that they could select experts in the fields of medical care and environmental/fire safety within 60 days.

The premises considered, it is hereby

**ORDERED** that, by no later than May 7, 2021, each party shall nominate up to three persons to serve as the expert in medical care and three persons to serve as the expert in environmental/fire safety, and shall submit to the other party the curriculum vitae of their candidates; and it is further

**ORDERED** that, by no later than June 7, 2021, should the parties fail to agree on the appointment of an expert in medical care or an expert in environmental/fire safety, each party shall recommend their nominees to the Court under seal and the Court will appoint the experts from the names submitted by the parties pursuant to the 2013 Settlement Agreement and Fed. R. Evid. 706. To the extent the parties agree on the appointment of a particular individual as an expert in medical care or environmental/fire safety, the parties shall submit a joint motion to appoint such individual by no later than June 7, 2021.

**Dated:** April 9, 2021                                  /s/ *Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **District Judge**