IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, ET AL., ) | |
| ) | Civil Action No. 1994-78 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ALBERT BRYAN, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Virgin Islands's Reply to Plaintiffs' Response to Motion for Protective Order**

After declining to enter into a stipulated protective order the Plaintiffs themselves proposed one year ago, they now reject the Territory's request to protect its security interests. Instead Plaintiffs distort the record. They claim that conditions are so woefully unconstitutional at the jail that the only way to protect against those violations is to ignore the Territory's compelling interests in guaranteeing a safe and orderly operation. Their goal is simple: wrestle away the autonomy and administration of the Alexander A. Farrelly Justice Complex from the people of the Virgin Islands. To do so, they make two points. One, the sealing of video footage violates the right of access doctrine for the public to bear witness to the continuing wrongs Bureau of Corrections (the "Bureau") management perpetuates against the inmates. And two, that that attempt is overly broad. Because the countervailing security interests of the Bureau trump those concerns, this Court should reject Plaintiffs' argument.

**I.     The Territory's Compelling Interest in Ensuring the Safe and Orderly Operation of the Jail Justifies the Sealing of Video Footage at the Facility.**

The touchstone for overriding the common law right of access to judicial records is a showing

that disclosure will create a specific harm to the moving party. *In re Cedant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). In this case, the Bureau can demonstrate that the "interest in secrecy outweighs the presumption" of disclosure. *Id.* (citing *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). Two cases outside the Third Circuit demonstrate the point. In *McMillen v. Windham*, the district court reviewed a protective order for video recordings related to the death of a 16 year-old at a juvenile detention center. 2018 U.S. Dist. LEXIS 15662, 2018 WL 652829, at *3-4 (WD Ky. Jan. 31, 2018). The *McMillen* Court found that despite the need to learn about "matters of public importance, confidentiality may be necessary in certain cases" involving video footage that shows "security and safety risk[s] to inmates, staff and the public," including inmate escape. *Id.* at 9-10. Similarly, in *Harris v. Livingston Cty.* the Court found good cause to shield video surveillance footage from the public at a prison for the reasons laid out in *McMillen*. 2018 U.S. Dist. LEXIS 210509, 2018 WL 6566613, at *8 (WD NY Dec. 13, 2018). The concerns in *Harris* were that depictions of the way officers responded to particular incidents and the techniques used could help "create a disturbance or uprising." *Id.* at 7-8.

These legitimate security concerns are especially important where there may be scant case law concerning the protection of security footage in a jail. Despite this apparent dearth of precedent, this Court should be guided by the "broad policy against Court interference in matters which affect those concerns" related to prison security and safety. *McMillen,* 2018 WL 6566613, at *10 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 415, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989)). When the Bureau's Assistant Director of Operations Everett Hansen testified that the closed-circuit television system ("CCTV") still had blind spots, the Territory buttressed the Assistant Warden's description of the security threat dissemination of the video surveillance footage would pose. This is not a generalized statement of threat of harm but a specific showing that the video surveillance

system at the jail does not provide full coverage of the facility. And, as a result of those blind spots, persons may be able to exploit the CCTV to compromise the security of the jail.

## II. Plaintiffs' Rejection of the Proposed Stipulated Protective Order as Overbroad is Disingenuous.

The Territory is dumbfounded by Plaintiffs' proposal to stipulate to the contents of video footage prior to its production without finalizing a protective order that could address Plaintiffs' concerns. They fail to explain why they did not review or discuss how the proposed written stipulation could address their needs. The only thing an in-court stipulation would accomplish is isolate the location of an incident on the video surveillance system. Furthermore, Plaintiffs neglect the Territory's production of incident reports related to incidents captured on video and how the description of those incidents in court countervail against the need to publicly disseminate footage. In other words, the Territory acknowledges incidents at the facility but cannot jeopardize its security by producing video footage of the inner workings of the jail to everyone.

We are left with one conclusion: Despite the in-court discussion of incidents at the St. Thomas jail, which are corroborated by a shielded viewing of related video footage, Plaintiffs want to substantially embarrass the Territory to usurp control of the facility. For a matter that has been settled by way of the 2013 Amended Consent Decree, the litigation related to the security interests of the Bureau should concern this Court. And a consequence, Plaintiffs' arguments against protection of video footage should be rejected.

                                                  Respectfully submitted,

Dated: April 16, 2021                        */s/ Kelvin L. Vidale*
                                                  Kelvin L. Vidale
                                                  Special Assistant Attorney General
                                                  Bureau of Corrections
                                                  RR 1, Box 9909
                                                  Kingshill, VI 00850
                                                  (340) 773-6309
                                                  kelvin.vidale@boc.vi.gov

CERTIFICATE OF SERVICE

        I hereby certify that on April 16, 2021, I electronically filed the foregoing using the Court's Electronic Court Filing system, which will send electronic notification to the following:

ERIC BALABAN
Senior Staff Counsel
ACLU National Prison Project
915 15th St., N.W.
Seventh Floor
Washington, DC 20005
Telephone: (202) 393-4930
Fax: (202) 393-4931
E-mail: ebalaban@aclu.org

ARCHIE JENNINGS
Disability Rights Center of the Virgin Islands
9003 Havensight Mall, Suite 313
St. Thomas, VI 00802
Telephone: (340) 776-4303
E-mail: archie@drcvi.org

KIPPY ROBERSON
Disability Rights Center of the Virgin Islands
63 Cane Carlton
Frederiksted, VI 00840
Telephone: (340) 772-1200
E-mail: kippy@drcvi.org

CAROL THOMAS-JACOBS
Deputy Attorney General
Virgin Islands Department of Justice
Office of the Attorney General
8050 Kronprindens Gade
St. Thomas, VI 00802
Telephone: (340) 774-5666
Fax: (340) 776-3493
E-mail: carol.jacobs@vi.gov

                                            */s/ Kelvin L. Vidale*
                                            Kelvin L. Vidale