# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, et al., | )<br>)<br>） |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:94-cv-0078<br>) |
| ALBERT BRYAN, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

## ORDER

**BEFORE THE COURT** is the motion of the Virgin Islands to compel the court-appointed experts to provide technical assistance for, and evaluate the Virgin Islands' compliance with, the remedial provisions set forth in the Court's April 22, 2020 Order. (ECF No. 1241). Also before the Court is the motion of the Virgin Islands to clarify whether the Court's April 22, 2020 Order supersedes the quarterly goal-setting procedure established by the Court's August 21, 2015 Order. (ECF No. 1239).

In 1994, Lawrence Carty and other similarly situated prison inmates (collectively "Carty") in the custody of the Virgin Islands Bureau of Corrections in St. Thomas, Virgin Islands, instituted this action against the Governor of the Virgin Islands; the Director of the Virgin Islands Bureau of Corrections; the Warden and Acting Assistant Warden of the Criminal Justice Complex; the Virgin Islands Bureau of Corrections ("BOC"); and the Attorney General of the Virgin Islands (collectively the "Government of the Virgin Islands" or the "GVI" or the "Virgin Islands"). Carty alleged that conditions at the Criminal Justice Complex ("CJC") and Criminal Justice Complex Annex ("CJC Annex"), the St. Thomas correctional facilities of the BOC, which house inmates, violated the United States Constitution.

On October 12, 1994, the parties entered into a settlement agreement. That settlement, which was approved by the Court, was incorporated into a judgment of the Court (the "Original Consent Decree"). The Original Consent Decree sets forth various reforms designed to remedy the unconstitutional conditions found within the St. Thomas correctional facilities. Specifically, the Virgin Islands was required to implement certain

Case: 3:94-cv-00078-RAM-RM   Document #: 1314   Filed: 08/04/21   Page 2 of 4

*Carty et al. v. Bryan et al.*
Case. No. 3:94-cv-0078
Order
Page 2 of 5

reforms regarding medical treatment, use of force, prisoner classification, and security, among others.

In 2013, the Virgin Islands continued to struggle to comply with the terms of the Original Consent Decree. In light of those struggles, the parties entered into a new settlement agreement which superseded all prior settlement agreements and remedial orders in this matter. That settlement, which was approved by the Court, was incorporated into a judgment of the Court (the "2013 Amended Consent Decree"). (ECF Nos. 780 and 765-1). The 2013 Amended Consent Decree maintains many of the remedies set forth in the Original Consent Decree and adds new substantive remedies. The 2013 Amended Consent Decree also provides for the selection of court-appointed experts who "shall oversee the implementation of [the 2013 Amended Consent Decree], and shall determine the [Virgin Islands'] compliance with all of the remedies ordered by the Court in this case." *See* 2013 Amended Consent Decree at 21, ECF No. 765-1. Further, the 2013 Amended Consent Decree requires the court-appointed experts to submit reports evaluating the Virgin Islands' compliance with the 2013 Amended Consent Decree, *see id.* at 23-24, and authorizes the Virgin Islands to seek technical assistance by "consult[ing] with the experts regarding the development of policies required by [the 2013 Amended Consent Decree]." *Id.* at 24.

On August 21, 2015, this Court entered an order amending the 2013 Amended Consent Decree in this matter. (ECF No. 833). That order requires the parties to set quarterly goals that will meaningfully advance the Virgin Islands Bureau of Corrections ("BOC") toward achieving substantial compliance with the Consent Decree. *See id.* at 4. Additionally, the August 21, 2015 Order set quarterly evidentiary hearings on the fourth Friday of each May, August, November, and February to assess the BOC's progress toward achievement of the quarterly goals. *Id.* To prepare the Court and the parties for that assessment, the August 21, 2015 Order also requires the court-appointed experts in this matter to file reports "no later than the second Friday of May, August, November, and February." *Id.* The August 21, 2015 Order also requires the parties to file "a report regarding the progress made towards the achievement of quarterly goals . . . by the third Friday of May, August, November, and February." *Id.*

Case: 3:94-cv-00078-RAM-RM   Document #: 1314   Filed: 08/04/21   Page 3 of 4

*Carty et al. v. Bryan et al.*
Case. No. 3:94-cv-0078
Order
Page 3 of 5

On April 22, 2020, this Court entered an order setting forth a number of remedial provisions that the Virgin Islands is required to complete by certain deadlines, failing which, the Virgin Islands is required to pay certain progressive sanctions to a designated remedial fund. (ECF No. 1235). As the Court explained in that order with respect to the quarterly goal setting procedure established by the August 21, 2015 Order, "while the Virgin Islands has made minor steps toward compliance with the 2013 Amended Consent Decree each quarter, it has also consistently failed to meet deadlines for achieving the established quarterly goals." *Id.* at 5. In light of these failures, the Court issued the April 22, 2020 Order as "a more comprehensive and binding remedial measure." *Id.* at 8. As such, to the extent the August 21, 2015 Order required the parties to set quarterly goals, that order has been superseded by the remedial provisions set forth within the April 22, 2020 Order. Given this posture, the reporting provisions with respect to the superseded quarterly goals were abrogated.[1]

Consistent with the terms of the 2013 Amended Consent Decree, the court-appointed experts should continue to provide technical assistance to the Virgin Islands with respect to the remedial provisions set forth in the Court's April 22, 2020 Order. Moreover, after Carty files an objection to the GVI's certification of compliance with any remedial provision set forth in the April 22, 2020 Order, the court-appointed experts shall make a determination of the GVI's compliance with such remedial provisions.

Additionally, in a forthcoming order, the Court will set a new schedule of quarterly hearings to provide the parties with an opportunity to present evidence regarding the BOC's compliance with the 2013 Amended Consent Decree. As such, the quarterly hearings as scheduled by the August 21, 2015 Order are vacated.

Significantly, the Court cautions the Virgin Islands that the remedial provisions set forth in the April 22, 2020 Order do not constitute an exhaustive list of the reforms required by the 2013 Amended Consent Decree in this matter. To that end, the Virgin Islands is

---

[1] On May 7, 2020, the Court entered an order canceling the May 22, 2020, evidentiary hearing in this matter. That order also extended the deadline for the court-appointed experts to file their quarterly reports to August 14, 2020. The portion of that order extending deadlines was entered in error. As discussed above, the Court's April 22, 2020, Order requiring the BOC to implement certain remedial provisions abrogated the previously established quarterly reporting provisions with respect to the quarterly goals. To the extent the Court's May 7, 2020, Order directed the court-appointed experts to file a quarterly report by August 14, 2020, that portion of the order will be vacated.

Case: 3:94-cv-00078-RAM-RM   Document #: 1314   Filed: 08/04/21   Page 4 of 4

*Carty et al. v. Bryan et al.*
Case. No. 3:94-cv-0078
Order
Page 4 of 5

encouraged to continue to strive toward achieving substantial compliance with the 2013 Amended Consent Decree by implementing any and all reforms required by that order.

The premises considered, it is hereby

**ORDERED** that the motion of the Virgin Islands, ECF No. 1239, for clarification of the Court's April 22, 2020 Order is **GRANTED**; it is further

**ORDERED** that the portion of the Court's August 21, 2015 Order that requires the setting of quarterly goals, and reporting with respect to such quarterly goals, is **ABROGATED**; it is further

**ORDERED** that, consistent with the terms of the 2013 Amended Consent Decree, the court-appointed experts shall continue to provide technical assistance, oversee implementation of the 2013 Amended Consent Decree, and determine the GVI's compliance with all of the remedies order by the Court in this case; it is further

**ORDERED** that, if Carty files an objection to the GVI's certification of compliance with any of the remedial provisions set forth in the Court's April 22, 2020 Order, the court-appointed experts shall file an assessment of the GVI's compliance with such remedial provision no later than 7 days after Carty files his objection; it is further

**ORDERED** that the quarterly hearings as scheduled by the August 21, 2015 Order are **VACATED**; it is further

**ORDERED** that the motion of the Virgin Islands, ECF No. 1241, to compel the court-appointed experts to provide technical assistance is **MOOT**; it is further

**ORDERED** that Carty's cross motion, ECF No. 1246, seeking clarification of the April 22, 2020 Order is **MOOT**; and it is further

**ORDERED** that the portion of the Court's May 7, 2020, Order directing the court-appointed experts to file a quarterly report by August 14, 2020, is **VACATED**.

**Date:** August 4, 2021                    */s/ Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**