IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAWRENCE CARTY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 1994-78 |
| ) | |
| ALBERT BRYAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**UNOPPOSED MOTION FOR RECONSIDERATION**

Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(5), and Local Rule 7.3(a)(3), Defendants the Territory of the Virgin Islands and its officials (collectively, the "Territory") hereby file their Motion for Reconsideration of the Court's March 15, 2023, Order (the "Order") denying the Territory's Motion for Protective Order (doc. no. 1282, the "Motion for Protective Order") and ordering the Territory to provide Plaintiffs' counsel access to "the video footage at issue in ECF No. 1282" within fourteen (14) days.[1] (Doc. No. 1384). The Territory respectfully asks the Court to reconsider its Order to prevent manifest injustice, as Plaintiffs' counsel already retains possession of any video footage at issue. That is, the Territory's Motion for Protective Order did not ask the Court to prevent production; instead, it sought to protect the video footage already produced to Plaintiff.

---

[1] Out of an abundance of caution, the Territory moves under Rules 59(e) and 60(b)(5) and Local Rule 7.3(a)(3). However, the Territory does not believe the Order constitutes a final judgment and, therefore, it alternatively moves under Rule 54(b) to reconsider the interlocutory Order.

1.      The 2013 Settlement Agreement requires the Territory to provide video footage from the Alexander A. Farrelly Criminal Justice Complex ("CJC") to Plaintiffs' counsel upon request.  (See Doc. No. 765-1 at 9 (IV.H.i.), 20 (VII.); 1281-1 at ¶ 3; 1293 at 2-3).

2.      On March 5, 2021, the Territory filed its Motion for Protective Order.  (Doc. No. 1282).  The Motion for Protective Order did not seek to avoid production of any specific video footage, but rather requested the Court enter a protective order "to show video footage from security surveillance at [CJC] in camera," because public disclosure of CJC's surveillance footage could compromise the safety and security of CJC staff and detainees.  (Id.).

3.      Further, the Territory previously attempted to secure a stipulated protective order with Plaintiffs to provide that, "for all video footage prepared by the Bureau of Corrections, the parties shall produce the requested media in camera, allowing for the viewing of the video footage in private with only the judge, Court clerk, the parties, and witnesses in attendance."  (Doc. No. 1282-3 at 2; see also Doc. Nos. 1282 at 2; 1282-2; 1304).

4.      On March 15, 2021, the Court held a hearing in which Plaintiffs moved for the admission of a number of videos of CJC surveillance footage already in their possession, to which the Territory objected due to the same security concerns.  (Doc. No. 1293-1 at 15:12-24, 19:1-9, 26:4-13, 33:6-9).[2]  The Court admitted the videos under seal.  (Id.).

5.      Notably, in their Response to the Motion for Protective Order, Plaintiffs acknowledge that the Settlement Agreement requires the Territory to produce videos from CJC and confirm that the Territory "ask[s] the Court to seal all videos in this case," and "seek[s] an

---

[2] In this Motion, the Territory refers to the page number assigned by the court reporter for Doc. No. 1293-1, and otherwise refers to the page numbers generated by the court's electronic filing system.

order that would bar the press and public from viewing any more videos filed in this case." (Doc. No. 1293 at 2-3).

6. Subsequently, consistent with this Court's direction, the Territory reiterated its rationale for the necessity of a protective order covering the video footage and requested the Court "enter a protective order [covering] security surveillance footage at CJC with an 'attorney's eyes-only' designation," on November 21, 2022. (Doc. No. 1367 at 5).

7. Thus, to be clear, the Territory does not owe Plaintiffs any video footage and there remains no "video footage at issue" for purposes of producing to Plaintiffs' counsel, as required by the Court's Order. (Doc. No. 1384).

8. Local Rule of Civil Procedure 7.3(a)(3) provides that "[a] party may file a motion asking the Court to reconsider its order or decision… A motion to reconsider shall be based on … (3) the need to correct clear error or prevent manifest injustice."

9. In analyzing past motions to reconsider under Local Rule 7.3, this Court has found that "manifest injustice '[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" Mala v. Jimenez, No. 3:21-CV-0075, 2022 WL 3042245, at *3 (D.V.I. Aug. 2, 2022), appeal dismissed, No. 22-2467, 2022 WL 18587901 (3d Cir. Sept. 21, 2022) (quoting Greene v. Virgin Islands Water & Power Auth., No. 1:06-CV-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012)). Further, this Court has found "that the grounds for a motion for reconsideration enumerated in the local rule are the same as those considered for Rule 59(e) motions." Mala, 2022 WL 3042245, at *2 (citing Simon v. Mullgrav, No. CV 2017-0007, 2021 WL 4005585, at *6 (D.V.I. Sept. 1, 2021)).

10. In addition, the Court may treat a motion for reconsideration as a Rule 60(b) motion. See Soly v. Warlick, No. CV 1991-0212, 2015 WL 5735651, at *10 (D.V.I. Sept. 30,

3

2015) (citing Thomas v. McCoy, 467 F. App'x 94, 97 (3d Cir. 2012)).  Federal Rule of Civil Procedure Rule 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable."

11. As demonstrated above, the Court appears to have overlooked an operative fact: The Territory already satisfied the video production obligation contained in the Court's Order.  Plaintiffs are in possession of video footage for which the Territory sought a protective order to cover any further production or disclosure.

12. For that reason, the Territory requests the Court reconsider its Order denying the Territory's Motion for Protective Order.  See Atl. Basin Ref., Inc. v. ArcLight Cap. Partners, LLC, No. CV 2015-0071, 2019 WL 13175037, at *3 (D.V.I. Nov. 7, 2019) ("The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." (quoting Marangos v. Flarion Techs., Inc., 2007 WL 1741841, at *1 (D.N.J. June 14, 2007), aff'd, 264 F. App'x 176 (3d Cir. 2008))).

13. As detailed in the Territory's argument in support of its Motion for Protective Order, it remains imperative that video footage from CJC be shielded from public disclosure and maintained under seal.  (See Doc. Nos. 1282; 1306; 1367).

14. Because Plaintiffs' counsel may access any and all video footage at will, absent a protective order, they remain able to publicize and have publicized sensitive security information

4

from inside of CJC.[3]  A protective order covering video footage produced by the Territory is therefore necessary and appropriate.  (Id.).

15.     We have conferred with the Plaintiffs' Counsel Maria Morris regarding this motion and she offers no opposition to the Court's reconsideration of the order for the Territory to produce video footage to Plaintiffs.  In fact, she stipulates that the above-referenced videos have been produced by the Territory to Plaintiffs.

Accordingly, the Territory respectfully requests that the Court reconsider and vacate its March 15, 2023, Order to produce "the video footage at issue in ECF No. 1282" to Plaintiffs' counsel within fourteen (14) days.  (Doc. No. 1384).  Further, the Territory respectfully requests the Court enter an order for production of all CJC video footage in camera, allowing only the judge, Court clerk, parties, and witnesses in attendance to view, and protecting its public disclosure.

Dated: March 28, 2023

Respectfully submitted,

Ariel M. Smith, Esquire
Attorney General Nominee


/s/ *Sheena Conway*

SHEENA CONWAY, ESQ.
ASSISTANT ATTORNEY GENERAL
VI Bar # 423
Department of Justice
Office of the Attorney General
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, USVI 00802

---

[3] See Eric Balaban & Ryan Kendall, *Brutality Against Prisoners Is Often Unseen. In this Virgin Islands Jail, It Was Caught on Video*, ACLU (Dec. 19, 2018), https://www.aclu.org/news/prisoners-rights/brutality-against-prisoners-often-unseen-virgin-islands-jail-it-was-caught.

Phone: (340) 774-5666
Sheena.Conway@doj.vi.gov

## **CERTIFICATION BY COUNSEL**

Pursuant to Local Rule of Civil Procedure 7.3(c), I express a belief, based on a reasoned and studied professional judgment, that the grounds for reconsideration set forth above are present in this case.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 28th of March 2023, the foregoing was electronically filed under seal with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

ERIC BALABAN, ESQ.
Senior Staff Counsel
ACLU National Prison Project
915 15th St., N.W.
Seventh Floor
Washington, DC 20005
Telephone: (202) 393-4930
Fax: (202) 393-4931
E-mail: ebalaban@aclu.org

ARCHIE JENNINGS, ESQ.
Disability Rights Center of the Virgin Islands
9003 Havensight Mall, Suite 313
St. Thomas, VI 00802
Telephone: (340) 776-4303
E-mail: archie@drevi.org

KIPPY ROBERSON, ESQ.
Disability Rights Center of the Virgin Isands
63 Cane Carlton
Frederiksted, VI 00840
Telephone: (340) 772-1200
E-mail: kippy@drcvi.org

WILLIAM R. LUNSFORD
MATTHEW B. REEVES
CHRISTOPHER E. LEE
ARIEL D. WETZEL
Maynard, Cooper & Gale, P.C.
655 Gallatin Street SW
Huntsville, AL 35801
Telephone: (256) 512-5710
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
clee@maynardcooper.com
awetzel@maynardcooper.com

/s/ *Sheena Conway*